ORIGINAL

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 26 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARK W. BRANDSTED and PAMELA S. BRANDSTED | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-540 T |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Mark W. Brandsted and Pamela S. Brandsted ("Plaintiffs" or the "Brandsteds") are citizens of the United States of America whose address is 3805 SW Clarion Park Dr., Topeka, KS 66610.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

R:\DOCS\TAXCONT.T\tmwc7176.brf.wpd

COUNT ONE
(Calendar Year 1984)

5. Mark W. Brandsted and Pamela S. Bransted filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

6. For 1984, Mark W. Brandsted was a limited partner in Pump Station III Associates ("PS3"), a California limited partnership.

7. PS3 timely filed its 1984 Form 1065, partnership tax return.

8. A dispute arose between the IRS and PS3 as to certain partnership items reported on the partnership's tax returns.

9. The Brandsteds and the IRS entered into a settlement agreement with respect to those partnership items.

10. On October 19, 1995, the IRS posted a cash bond of $20,225.00 to the Brandsteds' 1984.

11. On March 28, 2000, the IRS assessed tax of $5,817.00 and interest and §6621(c) penalty interest of $13,597.09 for 1984 against the Brandsteds, and applied the cash bond to that liability, paying it in full.

12. On October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $5,817.00 of tax and $13,597.09 of the interest and §6621(c) penalty interest paid for 1984.

13. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the Pump Station III Associates and Emperor Seedless-85 partnerships (each referred to in this explanation as "the Partnership") for 1984 and 1985 (referred to in this explanation as "the settlement year(s)").

B. Each alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. Each assessment related to a Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to

show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

C. Because the assessment was invalid, the portion of the taxpayers' cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bonds were for $20,225 and $35,783.

D. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

E. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years.

14. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1985)

16. Mark W. Brandsted and Pamela S. Bransted filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

17. For 1985, Mark W. Brandsted was a limited partner in Emperor Seedless-85 ("ES85"), a California limited partnership.

18. ES85 timely filed its 1985 Form 1065, partnership tax return.

19. A dispute arose between the IRS and ES85 as to certain partnership items reported on the partnership's tax returns.

20. The Brandsteds and the IRS enetered into a settlement agreement with respect to those partnership items.

21. On October 19, 1995, the IRS posted a cash bond of $35,783.00 to the Brandsteds' 1985.

22. On March 28, 2000, the IRS assessed tax of $11,160.00 and interest and §6621(c) penalty interest of $21,375.41 for 198 against the Brandsteds, and applied the cash bond to that liability, paying it in full.

On October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $11,160.00 of tax and $21,375.41 of the interest and §6621(c) penalty interest paid for 1985.

23. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the Pump Station III Associates and Emperor Seedless-85 partnerships (each referred to in this explanation as "the Partnership") for 1984 and 1985 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds.

B. Each alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. Each assessment related to a Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

C. Because the assessment was invalid, the portion of the taxpayers' cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance

of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bonds were for $20,225 and $35,783.

D. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

E. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years.

24. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

25. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Mark W. Brandsted and Pamela S. Brandsted pray for judgment against the Defendant the United States of America in the amount of $51,949.50, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS
MARK W. BRANDSTED AND
PAMELA S. BRANDSTED

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

Form **1040X** (Rev. November 2002)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1985 **, or fiscal year ended ▶**

Please print or type

| | | |
|---|---|---|
| Your first name and initial: MARK W. | Last name: BRANDSTED | Your social security number: [redacted]-7895 |
| If a joint return, spouse's first name and initial: PAMELA G. | Last name: BRANDSTED | Spouse's social security number: [redacted]-6155 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester | Apt. no. *(POA ATTACHED, FORM 2848)* | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. Houston, Texas 77018-7010 ***ADDRESS FOR THIS MATTER ONLY*** | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes<br>**Income and Deductions (see pages 2 - 6)** | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | | | 16 | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | | | 17 | |
| 18 Total payments. Add lines 11 through 17 in column C | | | 18 | |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | | | 19 | Not Applicable |
| 20 Subtract line 19 from line 18 (see page 5) | | | 20 | Not Applicable |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | | | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | | | 22 | Not Applicable |
| 23 Amount of line 22 you want **refunded to you** | | | 23 | 11,160** |
| 24 Amount of line 22 you want **applied to your** **estimated tax** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Mark W Brandsted 10/10/03
Your signature Date

▶ Pamela G. Brandsted 10-10-3
Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ [signature] | Date 10-4-03 | Check if self-employed [X] | Preparer's SSN or PTIN P00097501 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ Brett A. Thompson, CPA<br>20214 Kingsland Blvd., Katy, Texas 77450 | | EIN | Phone no. 713-965-9244 |

ISA STF FED3171F.1 ***or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-2002)

## Part I Exemptions. See Form 1040 or 1040A instructions.

If you are **not changing your exemptions**, do not complete this part.
If claiming **more exemptions**, complete lines 25 - 31.
If claiming **fewer exemptions**, complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . | 27 | | | |
| 28 | Other dependents . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

## Part II Explanation of Changes to Income, Deductions, and Credits

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . ▶ ☐

***** *Please See Explanation Attached******

## Part III Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . ▶ ☐

Form **2848** (Rev. January 2002) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date / /

**Part I** **Power of Attorney** (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| MARK W. BRANDSTED<br>PAMELA G. BRANDSTED<br>3805 Clarion Park Drive<br>Topeka, Ks. 66610 | [redacted]-7895<br>[redacted]-6155 | |
| | Daytime telephone number<br>785-271-5252 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7806-28309R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and partnership items for all partnerships in which the taxpayer is a partner. For CAF purposes enter 1040 information only. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001 and 2002. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under IRC Section 6103(e)(1)(C) relative to forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here MWB / PGB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 1-2002)

ISA
STF FED4876F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Mark W. Brandsted (signature) — Signature | 9/24/03 — Date | Title (if applicable)

MARK W. BRANDSTED — Print Name

Pamela G. Brandsted (signature) — Signature | 9/24/03 — Date | Title (if applicable)

Pamela G. Brandsted — Print Name

**Part II Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/3/03 |
| A | Texas | (signature) Sallie W. Gladney | 10-3-03 |
| A | Texas | (signature) Teresa J. Womack | 10/3/03 |

STF FED4675F.2

**MARK W. BRANDSTED and PAMELA G. BRANDSTED**
**(SSN [redacted]-7895 and SSN [redacted]-6155)**
**EXPLANATION - 1984 and 1985 REFUND CLAIMS**

This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the Pump Station III Associates and Emperor Seedless-85 partnerships (each referred to in this explanation as "the Partnership") for 1984 and 1985 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds:

1. Each alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. Each assessment related to a Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Because the assessment was invalid, the portion of the taxpayers' cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bonds were for $20,225 and $35,783.

3. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

4. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years.

Exhibits - A - Evidence of Cash Bonds

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTEO063.BR1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8412 30 000
01212

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond
Pump Station III

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1984

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $20,225.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31,1984 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an overpayment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A, P.1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8512 30 000
01215

Cash bond Emp. Seedlers '85

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1985

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $35,783.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31, 1985 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an over-payment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A1, P. 2

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: MARK W. BRANDSTED AND PAMELA G. BRANDSTED

Your social security number: [redacted]-7895

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester

*POA ATTACHED, FORM 2848*

Spouse's social security number: [redacted]-6155

City or town, state, and ZIP code: Houston, Texas 77018-7010

****ADDRESS FOR THIS MATTER ONLY****

Employer identification number

Name and address shown on return if different from above: 3805 Clarion Park Drive Topeka, KS 66610

Daytime telephone number: 713-965-9244

1 Period — prepare a separate Form 843 for each tax period From January 1, 19 85 to December 31, 19 85

2 Amount to be refunded or abated $ 21,375.41**

3a Type of tax, penalty, or addition to tax:

☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)

☐ Penalty — IRC section ▶

b Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:

☐ Interest caused by IRS errors or delays (if applicable — see instructions).

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ Applied to invalid assessment in 1999

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

******Please See Explanation Attached******

***or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Mark W Brandsted — Date 10/10/03

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Pamela G. Brandsted — Date 10-10-3

Signature

Form **2848** (Rev. January 2002) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date / /

**Part I** **Power of Attorney** (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| MARK W. BRANDSTED<br>PAMELA G. BRANDSTED<br>3805 Clarion Park Drive<br>Topeka, Ks. 66610 | [redacted]-7895<br>[redacted]-6155 | |
| | Daytime telephone number 785-271-5252 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7806-28309R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and partnership items for all partnerships in which the taxpayer is a partner. For CAF purposes enter 1040 information only. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001 and 2002. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under IRC Section 6103(e)(1)(C) relative to forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here MWB PGB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**

ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box. . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Mark W. Brandsted (signature) — 9/24/03

Signature — Date — Title (if applicable)

MARK W. BRANDSTED

Print Name

Pamela G. Brandsted (signature) — 9/24/03

Signature — Date — Title (if applicable)

Pamela G. Brandsted

Print Name

**Part II — Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/3/03 |
| A | Texas | (signature) Sallie W. Gladney | 10-3-03 |
| A | Texas | (signature) Teresa J. Womack | 10/3/03 |

STF FED4875F.2

# MARK W. BRANDSTED and PAMELA G. BRANDSTED
## (SSN [redacted]-7895 and SSN [redacted]-6155)
## EXPLANATION - 1984 and 1985 REFUND CLAIMS

This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the Pump Station III Associates and Emperor Seedless-85 partnerships (each referred to in this explanation as "the Partnership") for 1984 and 1985 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds:

1. Each alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. Each assessment related to a Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Because the assessment was invalid, the portion of the taxpayers' cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bonds were for $20,225 and $35,783.

3. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

4. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years.

Exhibits - A - Evidence of Cash Bonds

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTEO063.BR1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8412 30 000
01212

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond Pump Station III

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1984

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $20,225.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31,1984 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an over-payment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A, P. 1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8512 30 000
01215

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond '85
Emp. Seedlers

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1985

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $35,783.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31, 1985 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an over-payment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A1 P. 2

Form **1040X** (Rev. November 2002)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1984 **, or fiscal year ended ▶**

Please print or type

| | | |
|---|---|---|
| Your first name and initial: MARK W. | Last name: BRANDSTED | Your social security number: [redacted]-7895 |
| If a joint return, spouse's first name and initial: PAMELA G. | Last name: BRANDSTED | Spouse's social security number: [redacted]-6155 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY*** | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here . . . . ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . . [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | |

**Refund or Amount You Owe**

| | | |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | 5,817** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ [signature] 10/10/03 — Your signature, Date ▶ [signature] 10-10-3 — Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date 10-4-03 — Check if self-employed [X] — Preparer's SSN or PTIN P00097501

Firm's name (or yours if self-employed), address, and ZIP code ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas 77450 — EIN — Phone no. 713-965-9244

ISA STF FED3171F.1 *****or such greater amount as is legally refundable, plus interest.***

Form **1040X** (Rev. 11-2002)

Form 1040X (Rev. 11-2002) Page 2

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 Your dependent children who lived with you . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . | 27 | | | |
| 28 Other dependents . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name / Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

STF FED3171F.2 Form **1040X** (Rev. 11-2002)

Form **2848** (Rev. January 2002) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ **See the separate instructions.**

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name ______
Telephone ______
Function ______
Date / /

**Part I** **Power of Attorney** (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| MARK W. BRANDSTED<br>PAMELA G. BRANDSTED<br>3805 Clarion Park Drive<br>Topeka, Ks. 66610 | [redacted]-7895<br>[redacted]-6155 | |
| | Daytime telephone number<br>785-271-5252 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7806-28309R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and partnership items for all partnerships in which the taxpayer is a partner. For CAF purposes enter 1040 information only. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001 and 2002. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under IRC Section 6103(e)(1)(C) relative to forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here MWB/PGB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Mark W. Brandsted (signature) — Signature | 9/24/03 — Date | Title (if applicable)

MARK W. BRANDSTED — Print Name

Pamela G. Brandsted (signature) — Signature | 9/24/03 — Date | Title (if applicable)

Pamela G. Brandsted — Print Name

**Part II** **Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/3/03 |
| A | Texas | (signature) Sallie W. Gladney | 10-3-03 |
| A | Texas | (signature) Teresa J. Womack | 10/3/03 |

**MARK W. BRANDSTED and PAMELA G. BRANDSTED**
**(SSN[redacted]-7895 and SSN[redacted]-6155)**
**EXPLANATION - 1984 and 1985 REFUND CLAIMS**

This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the Pump Station III Associates and Emperor Seedless-85 partnerships (each referred to in this explanation as "the Partnership") for 1984 and 1985 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds:

1. Each alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. Each assessment related to a Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Because the assessment was invalid, the portion of the taxpayers' cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bonds were for $20,225 and $35,783.

3. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

4. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years.

Exhibits - A - Evidence of Cash Bonds

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTEO063.BR1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8412 30 000
01212

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond Pump Station III

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1984

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $20,225.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31,1984 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an overpayment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A, P. 1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8512 30 000
01215

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond '85
Emp. Seedlen

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1985

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $35,783.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31, 1985 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an overpayment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A, P. 2

Form **843**
(Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim . . Refund and Request for Ab. .ement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

| | |
|---|---|
| Name of claimant<br>MARK W. BRANDSTED AND PAMELA G. BRANDSTED | Your social security number<br>[redacted]-7895 |
| Address (number, street, and room or suite no.)<br>c/o Thomas E. Redding; 2914 West T. C. Jester | ***POA ATTACHED, FORM 2848*** Spouse's social security number<br>[redacted]-6155 |
| City or town, state, and ZIP code<br>Houston, Texas 77018-7010 | ******ADDRESS FOR THIS MATTER ONLY****** Employer identification number |
| Name and address shown on return if different from above<br>3805 Clarion Park Drive<br>Topeka, KS 66610 | Daytime telephone number<br>713-965-9244 |

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 84, to December 31, 19 84

2 Amount to be refunded or abated
$ 13,597.09**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ Applied to invalid assessment in 1999

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

******Please See Explanation Attached******

*****or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Mark W Brandsted — 10/10/03
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Pamela G. Brandsted — 10-10-3
Signature Date

**For Paperwork Reduction Act Notice, see separate instructions.** Form **843** (Rev. 1-97)
ISA
STF FED1524F

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date / /

**Part I** **Power of Attorney** (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
| --- | --- | --- |
| MARK W. BRANDSTED<br>PAMELA G. BRANDSTED<br>3805 Clarion Park Drive<br>Topeka, Ks. 66610 | [redacted]-7895<br>[redacted]-6155 | |
| | Daytime telephone number<br>785-271-5252 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
| --- | --- |
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7806-28309R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
| --- | --- | --- |
| Income | 1040 and 1065 and partnership items for all partnerships in which the taxpayer is a partner. For CAF purposes enter 1040 information only. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001 and 2002. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under IRC Section 6103(e)(1)(C) relative to forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here MWB PGB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**
ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box. . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 9/24/03
Signature | Date | Title (if applicable)

MARK W. BRANDSTED
Print Name

[signature] 9/24/03
Signature | Date | Title (if applicable)

Pamela G. Brandsted
Print Name

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 10/3/03 |
| A | Texas | [signature] Sallie W. Gladney | 10-3-03 |
| A | Texas | [signature] Teresa J. Womack | 10/3/03 |

STF FED4876F.2

# MARK W. BRANDSTED and PAMELA G. BRANDSTED
## (SSN [redacted]-7895 and SSN [redacted]-6155)
## EXPLANATION - 1984 and 1985 REFUND CLAIMS

This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the Pump Station III Associates and Emperor Seedless-85 partnerships (each referred to in this explanation as "the Partnership") for 1984 and 1985 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds:

1. Each alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. Each assessment related to a Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Because the assessment was invalid, the portion of the taxpayers' cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bonds were for $20,225 and $35,783.

3. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

4. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years.

Exhibits - A - Evidence of Cash Bonds

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTEO063.BR1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8412 30 000
01212

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond
Pump Station III

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1984

Form: FORM 1040

Dear Taxpayer:

Thank you for your payment of $20,225.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31,1984 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an overpayment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there

Exhibit A, P.1

Department of the Treasury
Internal Revenue Service

AUSTIN, TX 73301

In reply refer to: 1830121758
Nov. 02, 1995 LTR 316C
[redacted]-7895 8512 30 000
01215

MARK W & PAMELA S BRANDSTED
3805 CLARION PARK DR
TOPEKA KS 66610-1278058

Cash bond '85
Emp. Seedlers

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]-7895
Tax Period(s): Dec. 31, 1985

Form: FORM 1040

Exhibit A, P. 2

Dear Taxpayer:

Thank you for your payment of $35,783.00, which we received Oct. 19, 1995. We have applied it as a payment on what you may owe for DEC. 31, 1985 tax for the period(s) shown above.

Although we have not made a final determination of your liability, we will accept your payment as a cash bond for payment of an amount that may be assessed later, if you wish us to do so.

Acceptance of your payment as a cash bond means that (1) the deposit will stop the accrual of interest at the date the payment was received on that part of any assessment later satisfied by the payment; (2) the deposit is not subject to a claim for credit or refund as an overpayment of tax, penalties or interest; and (3) interest will not be paid to you on any of the deposit returned to you should it exceed any additional tax, penalties or interest later assessed.

If you are not in agreement with the final determination of your liability, you will be issued a notice of deficiency which allows a 90-day period (150 days if you are outside the United States) to petition the Tax Court.

Unless you request in writing to continue your remittance as a deposit in nature of a cash bond before the expiration of the 90- or 150-day period, that part of the deposit that is not greater than the deficiency proposed, plus any interest that has accrued, will be posted to your account as a payment.

If these conditions are not satisfactory to you and you would like us to return your deposit, please sign the statement at the end of this letter and return it.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local directory. An employee there